## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADASSAH FEINBERG, et al., | : | |
| Plaintiff | : | NO. 1:23-cv-02165-SES |
| | : | |
| v. | : | Honorable Susan E. Schwab |
| | : | |
| MARCIE SMITH, | : | |
| MARISA MCCLELLAN, | : | *Electronically Filed* |
| CURRIN HAINES-YODER, | : | |
| KIM DEIBLER, | : | |
| LISA WHEELER, | : | |
| NOELLE BARRETT, | : | |
| SCOTT SMITH, | : | |
| KATHRYN CROWELL, et al., | : | |
| Defendants | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2024,

upon consideration of Plaintiff's Motion to Strike and Redact Confidential Filings

and Attorney Donald L. Carmelite, Esquire's Response thereto, it is hereby

ORDERED and DECREED that Plaintiff's Motion is DENIED.  It is FURTHER

ORDERED that Plaintiff shall not file any additional motions, petitions or requests

for sanctions against Attorney Donald L. Carmelite, Esquire without first obtaining

leave of Court.

BY THE COURT:

_____
                                                            J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADASSAH FEINBERG, et al., | : | |
| Plaintiff | : | NO. 1:23-cv-02165-SES |
| | : | |
| v. | : | Honorable Susan E. Schwab |
| | : | |
| MARCIE SMITH, | : | |
| MARISA MCCLELLAN, | : | *Electronically Filed* |
| CURRIN HAINES-YODER, | : | |
| KIM DEIBLER, | : | |
| LISA WHEELER, | : | |
| NOELLE BARRETT, | : | |
| SCOTT SMITH, | : | |
| KATHRYN CROWELL, et al., | : | |
| Defendants | : | |

## DEFENSE COUNSEL, DONALD L. CARMELITE, ESQUIRE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND REDACT CONFIDENTIAL FILINGS

Defense counsel, Donald L. Carmelite, Esquire ("Attorney Carmelite"), by and through his undersigned counsel, Marshall Dennehey, P.C., hereby responds in opposition to Plaintiff's Motion to Strike and Redact Confidential Filings. In opposition thereto, Attorney Carmelite avers as follows and offers the accompanying Brief:

1.    Denied.  It is specifically and expressly denied that Attorney Carmelite unlawfully obtained Plaintiff's address or intimidated any witnesses. The vast majority of Ms. Feinberg's multiple addresses are publically available on multiple dockets in which Ms. Feinberg has filed numerous lawsuits, including but

1

not limited to in this matter and other lawsuits filed by Ms. Feinberg before this

Honorable Court.  See e.g., *Feinberg v. Smith, et al.*, United States District Court

for the Middle District of Pennsylvania Case No. 1:23-cv-02165-SES; *Feinberg v.*

*Cintron, et al.*, United States District Court for the Middle District of Pennsylvania

Case No. 1:24-cv-01377-JPW-DFB; *Feinberg v. Cintron*, et al., United States

District Court for the District of Maryland Case No. 1:24-cv-01957-GLR.

Attorney Carmelite received Plaintiff's addressed from Plaintiff's own filings and

other public sources,[1] and continues to use such addresses to serve Plaintiff as he is

required to do pursuant to the Federal Rules of Civil Procedure.  See Fed. R. Civ.

P. 5(2).

      2.     Denied as stated.  Plaintiff may have asked this Court to redact her

address, but there is no Court Order pursuant to which Attorney Carmelite is

directed to effectuate service on Plaintiff at any location other than the address(es)

she has provided to the Court, to the public and specifically to Attorney Carmelite.

      3.     Denied as legal conclusions to which no further response is required.

It is specifically denied that Attorney Carmelite "abused his authority", violated

any Court orders, or violated "USPS federal privacy laws."

---

[1] With the exception of the "Laurel Springs Drive" address, all addresses and emails used were taken from Plaintiff's public filings. The "Laurel Springs Drive" address was located on a public website. *See* https://www.familytreenow.com/search/people/results?first=Hadassah&last=Feinberg&rid=asa&smck=4SHFAvXQxIev7b0wjNYv0Q.

4.      Denied as legal conclusions to which no further response is required. The Maryland District Court Order attached to Plaintiff's Motion as Exhibit A speaks for itself, and any incomplete characterization thereof is therefore denied. It is specifically denied that the Order states that "Plaintiff's address must be redacted for safety[.]"

5.      Denied as stated.  After reasonable investigation, Attorney Carmelite is without knowledge or information sufficient to form a belief as to whether Plaintiff has access to her PACER account and, therefore, this allegation is denied. Attorney Carmelite likewise cannot ascertain what filings Plaintiff references in this paragraph as she does not identify them by lawsuit, docket number, date or any other identifying feature.  However, to the extent it is true that Plaintiff cannot access PACER and therefore cannot receive service of filings electronically, it is even more necessary that Attorney Carmelite serve Plaintiff by mail with anything he files in connection with representing his clients.  In addition to apparently losing access to PACER, and demanding that the parties to this litigation not use her address(es), Plaintiff has also informed the undersigned counsel that she has "blocked" Attorney Carmelite's email address and does not receive communications from him via email.  See Exhibit C to Plaintiff's Motion.  Plaintiff cannot commence litigation and then make herself unable to be contacted in connection with that litigation.  By way of further response, Plaintiff alleges that

3

Attorney Carmelite served her with multiple filings between August 29, 2024 and October 1, 2024.  The Order Plaintiff references, which is not an Order by this Court or in this lawsuit, was entered on December 11, 2024.  Any conduct by Attorney Carmelite in August, September and October 2024 could not have been in violation of a December 2024 Order, even if it applied to Attorney Carmelite or this lawsuit.  It is specifically denied that Attorney Carmelite falsified any statements to this or any Court.

6.      Denied.  It is specifically denied that Plaintiff's address is "redacted" in this matter, or that Attorney Carmelite "unlawfully" provided Plaintiff's address to anyone.  It is further denied that Exhibit B reflects any conduct or statements by Attorney Carmelite or any "public" "records of violence[.]"  The remainder of the allegations of this paragraph are denied as legal conclusions to which no response is required.

7.      Denied.  It is specifically denied that Attorney Carmelite has engaged in any conduct whatsoever intended to cause Plaintiff to fear for her life, or which reasonably could have caused Plaintiff to fear for her life.

8.      Denied.  It is specifically denied that Attorney Carmelite is in violation of any Court Orders or has ever endangered Plaintiff or her children.

9.      Denied.  It is specifically denied that Attorney Carmelite has committed any crimes or violated any Court orders.

4

WHEREFORE, Attorney Carmelite respectfully request that this Honorable Court deny Plaintiff's Motion to Strike and Redact Confidential Filings and further Order that Plaintiff may not file any additional motions seeking sanctions against Attorney Carmelite without further leave of Court.

**Respectfully submitted,**

**MARSHALL DENNEHEY, P.C.**

_____

Alesia S. Sulock, Esquire
Attorney for Defense Counsel,
Donald Carmelite, Esquire
PA Attorney Nos.: 314071
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2600
assulock@mdwcg.com

Date: December 27, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADASSAH FEINBERG, et al., | : | |
| Plaintiff | : | NO. 1:23-cv-02165-SES |
| | : | |
| v. | : | Honorable Susan E. Schwab |
| | : | |
| MARCIE SMITH, | : | |
| MARISA MCCLELLAN, | : | *Electronically Filed* |
| CURRIN HAINES-YODER, | : | |
| KIM DEIBLER, | : | |
| LISA WHEELER, | : | |
| NOELLE BARRETT, | : | |
| SCOTT SMITH, | : | |
| KATHRYN CROWELL, et al., | : | |
| Defendants | : | |

## DEFENSE COUNSEL, DONALD L. CARMELITE, ESQUIRE'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND REDACT CONFIDENTIAL FILINGS

Defense counsel, Donald L. Carmelite, Esquire ("Attorney Carmelite"), by and through his undersigned counsel, Marshall Dennehey, P.C., hereby submits this Brief in Opposition to Plaintiff's Motion to Strike and Redact Confidential Filings.

This is Plaintiff's second baseless attempt to seek sanctions against Attorney Carmelite before this Honorable Court in this litigation. **ECF 89, 90, 98.** Plaintiff repeatedly, and without factual support, makes false accusations against Attorney Carmelite and/or his clients in this and multiple other courts where Plaintiff has brought similarly unfounded claims. *See*, *e.g.*, (1) Court of Common Pleas of

6

Cumberland County Docket No. 2023-09266; (2) United States District Court for the Middle District of Pennsylvania Docket No. 24-cv-01377-JPW-DFB; (3) Pennsylvania Commonwealth Court at Docket No. 251 M.D. 2024; and (4) Pennsylvania Commonwealth Court at Docket No. 402 MD 2024. This most recent frivolous motion filed by Plaintiff arises from nothing more than Attorney Carmelite effectuating proper service on Plaintiff of filings in this matter. Plaintiff's motion should be unequivocally denied, and Plaintiff should be precluded from seeking further sanctions without prior leave of court.

## I.    **COUNTER-STATEMENT OF PROCEDURAL HISTORY**

Plaintiff, *pro se*, initiated this matter by filing a Complaint against Marcie Smith, Marissa McClellan, Currin Haines-Yoder, Kim Deibler, Lisa Wheeler, Noelle Barrett, Scott Smith and Kathryn Crowell on December 29, 2023. **ECF 1.** On April 24, 2024, Plaintiff filed a Complaint in this Court docketed at No. 1:24-cv-00706, asserting RICO claims against fifty-four (54) defendants, including those already sued in this lawsuit, as well as other Dauphin County employees or former employees. On May 2, 2024, an Order consolidated these actions and directed Plaintiff to file a Second Amended Complaint encompassing all claims from both actions. **ECF 37.** On May 31, 2024, Plaintiff filed her Second Amended Complaint, requesting removal of all Defendants other than Marissa McClellan, Currin Haines-Yoder, Kim Deibler, Lisa Wheeler, Noelle Barrett and Scott Smith

(collectively, "Defendants").  **ECF 43**.  In her Second Amended Complaint, which is the operative complaint, Plaintiff brings Section 1983 claims, alleging that Defendants have violated the First, Fourth, Sixth and Fourteenth Amendments. **ECF 43**.  Attorney Carmelite represents Defendants in defense of this lawsuit. Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint on July 1, 2024, which is pending before this Honorable Court.  **ECF 46-47**.

On September 17, 2024, Plaintiff filed a Motion for Sanctions and Brief in Support thereof, seeking sanctions against Defendants and Attorney Carmelite. **ECF 89, 90.**  Attorney Carmelite filed a Response in Opposition and Brief in Opposition thereto on .  **ECF 98**.  The Motion for Sanctions has not yet been ruled upon by this Honorable Court.

## II.    <u>COUNTER-STATEMENT OF FACTS</u>

Plaintiff asks this Honorable Court to strike Attorney Carmelite's appearance on behalf of his clients, and to sanction Attorney Carmelite, without stating a basis in law or fact for either action.  Plaintiff's motion and brief are lengthy, but contain only a few limited averments regarding Attorney Carmelite, as follows: (1) Attorney Carmelite colluded with Judge Schwab for political/financial gain; (2) Attorney Carmelite and another attorney, Kimberly A. Boyer-Cohen, Esquire, filed "false statements" in "an official record" in a separate lawsuit pending in the Pennsylvania Commonwealth Court; (3) Attorney Carmelite "has

intimidated multiple witness on the federal court docket who are also witnesses on this case"; and (4) Attorney Carmelite "continues to physically endanger Plaintiff [and her minor children] by unlawfully obtaining and filing Petitioner's redacted address[.]" **ECF 117**.  Each of these averments states a legal conclusion with no factual support.

Plaintiff further alleges that Attorney Carmelite filed documents on behalf of his clients between August 29, 2024 and October 1, 2024 which included Plaintiff's address, presumably on the certificate of service.  **ECF 117 at p. 24**. The only filings specifically identified by Plaintiff are Defendants' Motion for Sanctions and Defendants' Brief in Support of their Motion for Sanctions, which were filed on September 23, 2024.  **ECF 117 at 24**, **ECF 91, 92**.  Plaintiff seems to allege that the inclusion of Plaintiff's address on these filings, and the service of her at such address, violated a Court Order entered in the United States District Court for the District of Maryland over two months later, on December 11, 2024. **ECF 116; Exh A to ECF 116**.[2]  Of course, it is not possible to violate a Court Order which is not yet in effect and, moreover, the Order of the Maryland District Court is not applicable to this litigation.

---

[2] Plaintiff's Motion states that Attorney Carmelite violated two Court Orders, but Plaintiff does not attach or describe a second order.  There is no order in this case which Attorney Carmelite is alleged to have violated.

Plaintiff has not alleged any basis for this Court to find that Attorney Carmelite cannot continue to represent his clients or any conduct by Attorney Carmelite whatsoever that could conceivably give rise to Rule 11 sanctions.

### III.  <u>COUNTER-STATEMENT OF QUESTIONS INVOLVED</u>

1. Should Plaintiff's Motion to Strike be denied because Plaintiff has not alleged any basis upon which this Court should strike Attorney Carmelite's appearance or any filing made by Attorney Carmelite?

Suggested answer:  Yes.

2. Should any request by Plaintiff to impose sanctions on Attorney Carmelite be denied because Plaintiff has not followed the notice requirements of Rule 11(c)(2) or alleged any conduct by Attorney Carmelite that violates Rule 11(b)?

Suggested answer:  Yes.

3. Should any request by Plaintiff to refer Attorney Carmelite to the Disciplinary Board or preclude Attorney Carmelite from representing his clients be denied because Plaintiff has not alleged any factual basis for either action?

Suggested answer:  Yes.

IV.    **ARGUMENT**

A. **Standard of Review**

Plaintiff purports to bring her motion pursuant to Federal Rule of Civil

Procedure 12(f).  Rule 12(f) provides:

> The Court may strike from a pleading an insufficient
> defense or any redundant, immaterial, impertinent, or
> scandalous  matter.  The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding
> to the pleading or, if a response is not allowed, within 21
> days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Pleadings include: complaint, answer to complaint, answer

to counterclaim, answer to crossclaim, third party complaint, answer to third party

complaint, and a court ordered reply to answer.  Fed. R. Civ. P. 7(a).  Plaintiff does

not argue that Attorney Carmelite included any redundant, immaterial, impertinent

or scandalous matter in any pleading, nor has Plaintiff filed this motion within

twenty one (21) days of service of any filing.

Plaintiff further seems to suggest that sanctions under Rule 11 would be

appropriate.  Rule 11 provides that by presenting to the court a pleading, written

motion, or other paper, an attorney or unrepresented party certifies to the best of their

knowledge, information, and belief that: (1) the document is not presented for any

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase

the cost of litigation, (2) that the claims and contentions made are warranted by

existing law, and (3) that all factual contentions have evidentiary support.  Fed. R. Civ. P. 11(b).  The Court may impose an appropriate sanction, monetary or non-monetary, on a party that has violated Rule 11(b).  Fed. R. Civ. P. 11(c)(1) and (c)(4). The primary purpose of Rule 11 is the correction or deterrence of abuses of the legal system.  *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

When considering a motion for sanctions alleging a violation of Rule 11, courts must apply an objective standard of reasonableness under the circumstances. Reasonableness is defined as an "objective knowledge or belief at the time of the filing of a challenged paper" that the claim was well-grounded in law and fact. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 538 (1991); *Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3d Cir. 1988); *Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990). The wisdom of hindsight should be avoided; the challenged conduct must be judged by "what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 advisory committee note; *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir. 1985).

Prior to filing a Rule 11 motion for sanctions, the moving party must first serve a copy of the motion upon the opposing party.  Fed. R. Civ. P. 11(c)(2).  The motion may only be filed if the challenged paper, claim, defense, contention or

denial is not withdrawn or appropriately corrected within twenty (21) days after service (or within another time the court sets).  *Id.*

### B. Plaintiff Has Not Stated a Basis to Strike any Filing by Attorney Carmelite's Clients

Plaintiff's request to strike filings by Attorney Carmelite's clients pursuant to Rule 12(f) should be denied because Plaintiff has not alleged any basis to strike any filing.  Plaintiff purports to bring her motion pursuant to Federal Rule of Civil Procedure 12(f).  Rule 12(f) provides:

> The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous  matter.  The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Pleadings include: complaint, answer to complaint, answer to counterclaim, answer to crossclaim, third party complaint, answer to third party complaint, and a court ordered reply to answer.  Fed. R. Civ. P. 7(a).  Plaintiff does not argue that Attorney Carmelite included any redundant, immaterial, impertinent or scandalous matter in any pleading, nor has Plaintiff filed this motion within twenty one (21) days of service of any filing.

Plaintiff alleges that her address should be stricken from Defendants' Motion for Sanctions and Brief in support thereof, both of which were filed on

September 23, 2024.  **ECF 116, 91, 92**.  Neither document is a pleading subject to

Rule 12(f).  Fed. R. Civ .P. 12(f), 7(a).  Plaintiff did not file her motion within

twenty one (21) days of either filing.  **ECF 116, 91, 92**.  Rule 12(f) is simply

inapplicable to Plaintiff's request.

Moreover, Plaintiff has not stated any basis for this Court to redact any

portion of any filing.  The stated basis is that Attorney Carmelite is "in violation of

two Court Order's [sic]".  **ECF 116** at ¶ 8.  Plaintiff cites to and attaches only one

order to her motion, which is dated December 11, 2024.  **ECF 116** at Exh C.  The

Order was entered in the District of Maryland, in the matter captioned as *Feinberg*

*v. Cintron, et al.*, Civil Action No. GLR-24-1957 (the "Maryland District Court

Matter") and grants Plaintiff's Motion to Redact Address there.  **Id.**  The Order

goes on to state that Plaintiff's request was entirely unclear as to which documents

contained her unredacted address and therefore needed to be sealed.  **Id.**  The

Order instructed Plaintiff to file a status report within fourteen (14) days.  **Id.**  The

Order did not instruct any party other than Plaintiff to take any actions whatsoever.

**Id.**  Attorney Carmelite is not a party to the Maryland District Court matter.  The

filings which allegedly violated this order predate the order by months; the Motion

for Sanctions and Brief in support thereof were both filed in September 2024.

**ECF 91, 92**.  In sum, there is no basis whatsoever for this Court to find that the

Maryland District Court Order is applicable to Attorney Carmelite, his clients, the September filings, or this litigation.

Plaintiff's Motion should be denied because Plaintiff has not alleged any basis to strike any filing.

**C. Plaintiff Has Not Stated a Basis for Sanctions Against Attorney Carmelite**

Plaintiff requests sanctions in her request for relief, despite having failed to follow the required procedure under Rule 11 and without any allegations of sanctionable conduct on the part of Attorney Carmelite or his clients.  In violation of Federal Rule of Civil Procedure 11(c)(2), Plaintiff did not serve a copy of her motion on Attorney Carmelite at least twenty one (21) days before filing the motion.  See Fed. R. Civ. P. 11(c)(2).  Even if Plaintiff had complied with Rule 11, which she has not, any motion for sanctions must be denied because she has not alleged any conduct whatsoever on the part of Attorney Carmelite which conceivably could have violated Rule 11.

Rule 11(b) provides that an attorney who files a pleading, motion or other paper with the court certifies to the best of his knowledge, information and belief that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).   A court may impose sanctions upon an attorney who has violated Rule 11(b).  Fed. R. Civ. P. 11(c).

Plaintiff asks this Court to sanction Attorney Carmelite "for failing to remove the redacted address after being information that it was legally redacted in Court[.]"  As described above, Plaintiff's address has never been "legally redacted" in this Court, and the purported Order allowing Plaintiff to redact her address was entered <u>after</u> the filings made by Attorney Carmelite which included her address. **ECF 116 at Exh C**; **ECF 91, 92**.

The inclusion of a *pro se* party's address on the certificate of service for a document filed with the Court is standard practice.  Pursuant to Federal Rule of Civil Procedure 5, a *pro se* party may be served by mailing a document to the person's last known address.  Fed. R. Civ. P. 5(b)(2)(C).  Although it is also possible to serve a registered user by filing a document with the court's electronic

filing system, such service is not effective "if the filer or sender learns that it did not reach the person to be served[.]" Fed. R. Civ. P. 5(b)(2)(E). Finally, service may be effectuated by delivering by any other means by which the party to be served consented in writing. Fed. R. Civ. P. 5(b)(2)(F). Here, Plaintiff has advised the Court that she no longer has access to PACER. **ECF 116**. Plaintiff has never provided written consent to Attorney Carmelite to serve her at any specific address or by any specific method. Plaintiff has, however, advised the Court, and undersigned counsel, that she has blocked Attorney Carmelite's email address. **ECF 116**. Mail is apparently the only available method by which Attorney Carmelite can effectuate service on Plaintiff on behalf of his clients. Attorney Carmelite has done nothing but comply with the Federal Rules of Civil Procedure in effectuating proper service on Plaintiff, and this is not conduct giving rise to sanctions under Rule 11.

Plaintiff's request for sanctions should be denied because Plaintiff failed to follow the required procedure under Rule 11 and has made no allegations of sanctionable conduct on the part of Attorney Carmelite or his clients. Moreover, Plaintiff should be precluded from filing any additional motions seeking sanctions against Attorney Carmelite without further leave of Court.

**D. Plaintiff Has Not States A Basis to Preclude Attorney Carmelite from Representing His Clients**

In her request for relief Plaintiff asks this Court to refer Attorney Carmelite to the Pennsylvania Disciplinary Board and to preclude Attorney Carmelite from representing his clients in this matter. Plaintiff provides no basis for either action. Plaintiff conclusively states that Attorney Carmelite "will be subpoenaed as a witness in this Court and the Commonwealth Court and cannot continue legal representation as a witness."[3] Plaintiff has not alleged any conduct by Attorney Carmelite that violates the Pennsylvania Rules of Professional Conduct, nor has she alleged any reason why Attorney Carmelite should be precluded from representing his clients. Her requests must be denied.

## V. CONCLUSION

For the reasons stated herein, and in Attorney Carmelite's Response in Opposition to , Defense Counsel, Donald L. Carmelite, Esquire, respectfully requests that this Honorable Court deny Plaintiff's Motion to Strike and Redact Confidential Filings and further Order that Plaintiff may not file any additional motions seeking sanctions against Attorney Carmelite without further leave of Court.

**Respectfully submitted,**

---

[3] In fact, the Commonwealth Court denied Plaintiff's Motion to Strike Attorney Carmelite's Appearance on behalf of this clients.

**MARSHALL DENNEHEY, P.C.**

_Alesia Sulock_

Alesia S. Sulock, Esquire
Attorney for Defense Counsel,
Donald Carmelite, Esquire
PA Attorney Nos.: 314071
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2600
assulock@mdwcg.com

Date: December 27, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADASSAH FEINBERG, et al., | : | |
| Plaintiff | : | NO. 1:23-cv-02165-SES |
| | : | |
| v. | : | Honorable Susan E. Schwab |
| | : | |
| MARCIE SMITH, | : | |
| MARISA MCCLELLAN, | : | *Electronically Filed* |
| CURRIN HAINES-YODER, | : | |
| KIM DEIBLER, | : | |
| LISA WHEELER, | : | |
| NOELLE BARRETT, | : | |
| SCOTT SMITH, | : | |
| KATHRYN CROWELL, et al., | : | |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Alesia S. Sulock, Esquire do hereby certify that a true and correct copy of

Defense Counsel, Donald L. Carmelite, Esquire's Response in Opposition to

Plaintiff's Motion to Strike and Redact Confidential Filings was electronically

filed with the Clerk of the Court for the United States District Court for the Middle

District of Pennsylvania by using the CM/ECF system and is available for review

and retrieval on the court system's website by all counsel of record and sent was

via ecf/email on all parties.

**MARSHALL DENNEHEY, P.C.**

_Alesia S. Sulock_

Alesia S. Sulock, Esquire
Attorney for Defense Counsel,
Donald Carmelite, Esquire
PA Attorney Nos.: 314071
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2600
assulock@mdwcg.com

Date: <u>December 27, 2024</u>